[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11615

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TANESEA JONES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:20-cr-00009-AW-MAF-1

_____

Before WILSON, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Tanesea Jones appeals her sentence of 14-months' imprisonment for conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343 and 1349, and aggravated identify theft, aiding and abetting, in violation of 18 U.S.C. § 1028A(a)(1), (2), through a scheme to knowingly sell cell phones to individuals using fraudulently obtained personal identifying information. Jones argues that the district court clearly erred by including the loss amount of a co-conspirator, pursuant to U.S.S.G. § 1B1.3(a)(1)(B), resulting in a six-level total offense level increase based on the total loss amount of the fraudulent conduct under U.S.S.G. § 2B1.1(b)(1)(D).

We review the district court's determination of the loss amount for clear error. *United States v. Cavallo*, 790 F.3d 1202, 1232 (11th Cir. 2015). The government has the burden to prove the losses attributed to the defendant by a preponderance of the evidence. *Id.* The Sentencing Guidelines do not require that the sentencing court make a precise determination of loss. *Id.* Instead, a sentencing court need only make a reasonable estimate of the loss, given the available information. *Id.* We will not vacate a defendant's sentence based on the district court's failure to make specific findings if the record otherwise supports the court's determination. *United States v. Baldwin*, 774 F.3d 711, 727 (11th Cir. 2014). Indeed, the district court is in a unique position to assess the relevant evidence and estimate the loss, and we thus grant the

sentencing court's loss amount determination "the appropriate deference." *Cavallo*, 790 F.3d at 1232 (citing U.S.S.G. § 2B1.1 cmt. n.3(C)).

The district court may hold all participants in a conspiracy responsible for the losses resulting from the reasonably foreseeable acts of co-conspirators in furtherance of the conspiracy. *See id.* at 1235. The "acts and omissions" of the co-conspirators must be: 1) "within the scope of the jointly undertaken criminal activity;" 2) "in furtherance of" the activity; and 3) "reasonably foreseeable in connection with" the activity. *United States v. Whitman*, 887 F.3d 1240, 1248 (11th Cir. 2018) (quoting U.S.S.G. § 1B1.3(a)(1)(B)).

"To determine 'the scope of the defendant's agreement' to participate in a jointly undertaken criminal scheme, the district court may consider 'any explicit agreement or implicit agreement fairly inferred from the conduct of the defendant and others.'" *Id.* (quoting U.S.S.G. § 1B1.3 cmt. n.3(B)). A defendant's "mere awareness" that she was part of a larger scheme is insufficient to show that another individual's criminal activity was within the scope of jointly undertaken criminal activity, "[b]ut actions that suggest that the defendant was actively involved in a criminal scheme permit the inference that the defendant agreed 'to jointly undertake' that scheme." *Id.* (alteration accepted) (first quoting *United States v. Presendieu*, 880 F.3d 1228, 1246 (11th Cir. 2018), then quoting U.S.S.G. § 1B1.3 cmt. n.3(B))). For example, an implicit agreement may be inferred where, even though the various participants in the scheme acted on their own behalf, each of the participants "knew each other and was aware of the other's activities" and "aided and

abetted one another by sharing" information necessary for the operation of the scheme. *See United States v. Hunter*, 323 F.3d 1314, 1322 (11th Cir. 2003).

Here, Jones has not shown that the district court clearly erred in finding her responsible for both her direct loss amount and the loss amount of a co-conspirator, Kheica Jones, under U.S.S.G. § 1B1.3(a)(1)(B) because the record supports the findings that the actions and omissions of the co-conspirators were within the scope of the jointly undertaken criminal activity, were in furtherance of the criminal activity, and were reasonably foreseeable in connection with the criminal activity. *See Whitman*, 887 F.3d at 1248; *Baldwin*, 774 F.3d at 727. Accordingly, we conclude that the district court did not clearly err in applying a six-level increase, pursuant to U.S.S.G. § 2B1.1(b)(1)(D) and affirm the sentence.

**AFFIRMED.**